DOROTHY TOOLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Toole v. Commissioner
Docket No. 2494-72.
United States Tax Court
T.C. Memo 1974-280; 1974 Tax Ct. Memo LEXIS 37; 33 T.C.M. (CCH) 1304; T.C.M. (RIA) 740280; October 31, 1974, Filed. Dorothy Toole, pro se. Steedly Young, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $781.34 in petitioner's Federal income tax for 1969. The issue is whether payments made in 1969 to petitioner by her husband are excludable from *38 her income as payments for child support under section 71(b). [1]
FINDINGS OF FACT At the time this proceeding was initiated, petitioner Dorothy Toole (hereinafter petitioner) was a legal resident of New York. Petitioner and Bernard Toole (hereinafter Bernard) were married in 1946, and the marriage produced six children. On May 30, 1967, petitioner and Bernard entered into a written separation agreement (hereinafter separation agreement). The separation agreement contains the following provision: THIRD: It is hereby agreed by and between the parties that the husband shall pay to the wife for the support and maintenance of the wife and the infant children of the marriage the sum of $70.00 per week commencing on the date of the execution of this Agreement and continuing for a period of three months, then said support and maintenance shall be increased to $80.00 per week apportioned $30.00 for wife & $10.00 for each child ($120.00 to be paid on the first of each month and the balance to be paid in four equal parts during said month). Upon each child attaining *39 his or her majority of 21 years, or sooner emancipated, the sum of $10.00 shall be deducted from the aforesaid sum. Bernard failed to make the payments required by the separation agreement, and in order to obtain needed support money, petitioner initiated a proceeding under the Uniform Support of Dependents Law, N.Y. Dom. Rel. Law Art. 3-A (McKinney 1964), in the Family Court of the State of New York, County of Suffolk (hereinafter Suffolk family court). On July 12, 1968, the Family Court of the State of New York, City of New York, County of Queens (hereinafter Queens family court), upon the basis of proceedings before it and the Suffolk family court, issued an Order of Support (hereinafter order) directing Bernard to make certain payments. The order directed Bernard to pay $117.50 by July 15, 1968, and $315 per month thereafter for the support of petitioner and four of their six children. [2] The order did not specifically designate a portion of the payments to be used as support for the children. Commencing in August 1969, Bernard's obligations under the order *40 were satisfied by monthly deductions from his pension fund which were paid to petitioner through the court. In 1969 petitioner received payments from Bernard in the amount of $2,874 through the Queens family court, including sums deducted from Bernard's pension fund. In addition, petitioner received $797 directly from Bernard. The total amount petitioner received from Bernard in 1969 was $3,671. [3]
On September 15, 1972, petitioner and Bernard were divorced by a Judgment of Divorce (hereinafter judgment) entered by the Supreme Court of the State of New York, County of Nassau. The judgment incorporated the terms, provisions, and conditions of the separation agreement. On September 20, 1972, upon application of petitioner, the Queens family court prospectively modified the July 12, 1968, order by ordering that the amount of support, $315 monthly, should thereafter be deemed support for three of petitioner's children, and that no part of the payments should be construed as alimony. The order of modification was not a nunc *41 pro tunc order and did not retroactively modify the July 12, 1968, support order. Respondent determined that the payments received in 1969 by petitioner from Bernard were includable in her income under section 71(a). OPINION One objective of section 71 and the related section 215 was to give "the husband and wife the power to shift a portion of the tax burden from the wife to the husband by the use of a simple provision in the settlement agreement which fixed the specific portion of the periodic payment made to the wife as payable for the support of the children." . In the instant case, the separation agreement of May 30, 1967, incorporated in the divorce judgment of September 15, 1972, specifically fixed $30 per week as the amount payable for the support of petitioner and $10 per week for the support of each child. That agreement survived the order of the Queens family court. Cf. . The payments Bernard made to petitioner during 1969 totaling $3,671, though made after he was subjected to the order of the Queens family court, discharged *42 to that extent his liability under the separation agreement. . Accordingly, we think the parties' commitment to the specific allocation set forth in the separation agreement should control the tax consequences of the payments. See , affirmed sub nom. (C.A. 1, 1965). Of the $3,671 paid by Bernard to petitioner in 1969, the sum of $1,560 was paid for the support of petitioner and is taxable to her. The balance was paid for the support of the children. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue. ↩
2. Two of the children had reached the age of majority and were not eligible for support under New York law. ↩
3. On brief, respondent conceded that his initial determination that petitioner received $3,750 was erroneous, and that $3,671 was the correct figure. ↩